Sean K. McElenney, #016987
Coree E. Neumeyer, #025787
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
skmcelenney@bryancave.com
coree.neumeyer@bryancave.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L. & Wendy L. Schayes,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC Home Loans Servicing, LP,<br><br>Defendant. | No. 2:10-cv-01893-GMS<br><br>**MOTION TO DISMISS**<br><br>(Hon. G. Murray Snow) |

Defendant BAC Home Loans Servicing, LP ("BACHLS") respectfully requests that the Court enter an Order dismissing Plaintiffs Daniel L. and Wendy L. Schayes' (the "Schayes") <u>Original Petition</u> (the "Complaint") with prejudice for failing to state any claim upon which relief may be granted. Their Internet-based Complaint fails to support any of the vague and conclusory allegations with even a modicum of factual specificity, thus falling far short of the pleading requirements under Federal Rule of Civil Procedure 8. Additionally, the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Also, for the reasons set forth herein, BACHLS requests that the Schayes not be permitted to amend their pleading because any effort to

677527

do so would be futile. <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend").

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND.**

On February 26, 2007, the Schayes borrowed $2,575,000.00 from Countrywide Bank, N.A. ("Loan") for the real property located at 7035 E. Berneil Drive in Paradise Valley, Arizona ("Property"). A Deed of Trust dated February 26, 2007, and recorded February 28, 2007 ("Deed of Trust"), secures repayment of the Loan and performance of other obligations. [Exhibit A][1] The Schayes subsequently defaulted on the Loan and Recontrust Company, N.A. ("Recontrust"), the successor trustee, recorded a Notice of Trustee's Sale Arizona on August 19, 2008 ("Sale Notice"). [Exhibit B][2]

BACHLS is the current servicer of the Loan. BACHLS worked with the Schayes to pursue several workout options to avoid the foreclosure sale and voluntarily postponed the trustee's sale originally set for November 2, 2009 on several occasions, including cancelling the trustee's sale at one point. [<u>See</u> Exhibit C] However, the Schayes failed to

---

[1] The Court may consider the Deed of Trust without converting this Motion into a Motion for Summary Judgment because the Schayes refer to it in the Complaint. [<u>See</u> Compl. at 1] The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Although the Schayes did not physically attach the document to the Complaint, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted). Further, the Deed of Trust is a matter of public record and properly subject to judicial notice. <u>See</u> <u>Pesci v. IRS</u>, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), <u>aff'd</u>, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

[2] Like the Deed of Trust, the Sale Notice and other documents recorded with the Maricopa County Recorder's Office are public records properly subject to judicial notice.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

qualify for any of the workout options and remain in default. Consequently, on July 27, 2009, BACHLS once again noticed a trustee's sale. [Exhibit D]

The Schayes filed their Complaint on September 3, 2010 to stop Recontrust's sale of the Property. The Complaint attempts to allege numerous state and federal causes of action against BACHLS, an unidentified lender, and/or unspecified non-parties. Among their rambling and confusing allegations, the Schayes assert that BACHLS and/or unspecified other non-parties committed various acts of fraud, criminally conspired against them, breached their fiduciary duties, violated RESPA and TILA, were unjustly enriched, breached the implied contractual covenant of good faith and fair dealing, and intentionally subjected them to severe emotional distress. [Compl. at 6, 9, 13-14, 21-25]

The Schayes also allege that BACHLS, an unidentified lender, and/or unspecified non-parties failed to produce the "original promissory note" or "contract," are not the "real party in interest," and lack "standing" regarding the Loan. [Compl. at 2, 6-9] Finally, the Schayes makes confusing, admittedly "outrageous," and sweeping indictments of the entire mortgage industry. [Compl. at 2-6] In so doing, the Schayes allege that the misdeeds of various industry participants somehow render the Loan unenforceable and entitle them to a windfall through "re-conveyence of the subject property," presumably free and clear of any liens or debt obligations. [Compl. at 7]

## II.    LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet her burden simply by contending that she "might later establish some 'set of [undisclosed]

facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S.Ct. at 1951.

**III. ARGUMENT.**

    **A.    The Schayes Fail To Satisfy Rule 8's And Iqbal And Twombly's Pleading Requirements.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's statement of her claim must give the defendant "fair notice of what the claim is and the ground upon which it rests." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints that are

677527                                    4

"verbose, confusing and conclusory" violate Rule 8 and may be dismissed. See <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 673–74 (9th Cir. 1981).

The Complaint does not contain short and plain statements of any of the claims upon which the Schayes seek relief. Rather, the Complaint is merely the latest Internet-based complaint to gain popularity amongst pro per plaintiffs.[3] The Schayes made only a minimal effort to personalize their Complaint by inserting facts concerning the amount of their loan, the identity of the Plaintiffs, and some numbers from their HUD-1 settlement statement. However, it is plain that the Schayes' Complaint is a generic form complaint in which they fail to tailor any of the generalized allegations to specific acts of BACHLS or any other individual or entity. Indeed, at various places, the Complaint impermissibly asserts generalized allegations against an unspecified "Lender" and/or unspecified "Defendants." [See, e.g., Compl. at 1, 6-7, 8-9, 18, 22] This alone is cause to dismiss the Complaint, because Federal Rule of Civil Procedure 8 requires that each defendant be placed on notice of the particular charges against it. See <u>Arikat v. J.P. Morgan Chase & Co.</u>, 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006) (dismissing generalized allegations against all thirteen defendants as "improper").

Additionally, many of the allegations appear related to the loan origination process. As reflected in the Deed of Trust, BACHLS is not the Schayes' original lender. [See Ex. A] They make no allegations that BACHLS originated or was otherwise involved with the making of the Loan. BACHLS is, thus, not the proper Defendant for any alleged misconduct related to the loan origination process.

---

[3] A basic search in Google under "carefully crafted criminal connivance" returns as the first hit a website that provides a complaint that is in sum and substance the same as the Schayes'. See Scribd, http://www.scribd.com/doc/36849128/Basis-for-Complaint (last visited Sept. 29, 2010). In addition, a comparison of the Schayes' Complaint with those filed in U.S. District Court of Arizona Case Nos. 4:10-cv-00503-TUC-FRZ and 2:10-cv-01764-PHX-ROS reveals that all three complaints are nearly identical except for their identification of the plaintiffs, the property at issue, and the settlement statement figures.

1  BACHLS cannot determine what other causes of action the Schayes may have
2  intended to assert in the Complaint. Beyond the separate headings purporting setting out
3  certain causes of action, the Schayes have littered the Complaint with other allegations
4  they may have intended as causes of action. BACHLS cannot distinguish the Schayes'
5  more vague and confusing allegations, let alone guess possible causes of action from
6  them.

**B.   The Schayes' "Original Promissory Note" Theory And Related Arguments Lack Merit.**

The Schayes allege that BACHLS, an unidentified "Lender," and/or unspecified other "Defendants" failed to produce the "original promissory note" or "contract," are not the "real party in interest," and lack "standing" regarding the Loan and foreclosure of the Property. [Compl. at 2, 6-9] This Court has resoundingly rejected this "show me the note" theory, i.e., the contention that the trustee, beneficiary, or agent of the beneficiary under a deed of trust cannot exercise the power of sale unless it also is the holder of the borrower's promissory note. See Diessner v. MERS, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); Goodyke v. BNC Mortgage Inc., 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); Garcia v. GMAC Mortgage LLC, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument).

Equally, no "real party in interest" rule applies to non-judicial foreclosures under a deed of trust. The term "real party in interest" is found in Federal Rule of Civil

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

677527                                  6

Procedure 17 and is relevant in the context of parties pursuing federal lawsuits. See Fed. R. Civ. P. 17(a). A trustee's sale held by virtue of a power of sale in a deed of trust is a non-judicial foreclosure process governed exclusively by A.R.S. §§ 33-801–821, making Rule 17(a) irrelevant in this context. The Schayes have no basis for disputing a trustee's sale on the ground that the initiating party is not the "real party in interest." They are equally mistaken that there is a "standing" requirement. There is no standing requirement under A.R.S. §§ 33-801–821 for the trustee to foreclose on trust property. Section 33-807(A) is clear that the existence of a deed of trust confers inherent authority on the trustee to sell the trust property upon the borrower/trustor's default.

### C. The Schayes Fail To State A Claim For Breach Of Fiduciary Duty.

The Schayes allege that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions," and that "Defendants" breached their fiduciary duties by not complying with "all applicable laws governing the loan transactions." [Compl. at 21] The Schayes fail to support these conclusory allegations with any facts, fail to identify any duty BACHLS allegedly owed them, and fail to specify how BACHLS supposedly breached any such duty. Even if the Schayes could provide facts showing that BACHLS owed them a fiduciary duty and breached it, their claim would be untimely under Arizona's two-year statute of limitations. A.R.S. § 12-542; CDT, Inc. v. Addison, Roberts and Ludwig, C.P.A., P.C., 198 Ariz. 173, 175, 7 P.3d 979, 981 (Ct. App. 2000).

### D. The Schayes Fail To State A Claim For Negligence or Negligence Per Se.

The Schayes allege that unspecified "Defendants owed a general duty of care . . . to properly perform due diligence as to the loans [sic]" and "owed a duty of care under TILA, HOEPA, RESPA." [Compl. at 21-22] All of the Schayes' negligence allegations appear related to the loan origination process.

To establish negligence, the Schayes must prove "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that

standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." Diaz v. Phoenix Lubrication Serv., Inc., 224 Ariz. 335, 338, 230 P.3d 718, 721 (Ct. App. 2010) (internal citation omitted). Beyond offering insufficient facts to support any of the required negligence elements, the Schayes fail to identify which specific party allegedly acted negligently or how BACHLS was involved in the making of the Loan. Even if they had properly made out a negligence claim, BACHLS would not be the proper Defendant. Furthermore, the Schayes' negligence allegations based on TILA, HOEPA, or RESPA fail because a defendant cannot be negligent under these statutes. Rather, a defendant either complies with each applicable statute or violates it.

### E. The Schayes Do Not Plead Any Fraud Claims With Particularity.

At various places in the Complaint, the Schayes vaguely allege that BACHLS, an unidentified "Lender," and/or unspecified other "Defendants" committed various types of fraud. [See, e.g., Compl. at 1, 6-7, 9, 222] Fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Under Arizona law, the Schayes must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it should be acted upon by the person and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) her reliance on its truth; (8) her right to rely thereon; and (9) her consequent and proximate injury. Green v. Lisa Frank, Inc., 221 Ariz. 138, 156, 211 P.3d 16, 34 (Ct. App. 2009). As courts uniformly recognize, "[b]road claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b)." Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (internal citation omitted) (dismissing plaintiffs' fraud claims for failure to plead with particularity).

The Schayes do not meaningfully identify what the alleged false representations were, how they were material, whether or how BACHLS made the alleged false

representations, why they relied on them, or why that reliance was reasonable. Furthermore, many of their fraud claims appear related to loan origination and, thus, do not even apply to BACHLS. [See Compl. at 6-7]

### F. The Schayes' Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim Fails As A Matter Of Law.

The Schayes' allegations for breach of the covenant of good faith and fair dealing ("Good Faith") make no sense. They set forth allegations regarding insurance contracts and broker contracts, and then claim that "All Defendants" breached the covenant, despite the fact that BACHLS is the only Defendant and it is neither an insurance company nor a mortgage broker. [See Compl. at 23-24] BACHLS, thus, cannot know what Good Faith allegations, if any, the Schayes even intended. This is insufficient under Rule 8. Twombly, 550 U.S. at 555.

Regardless, the Schayes must sufficiently plead that they entered into a contract with BACHLS before the duty of Good Faith may attach. Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc) ("The duty arises by virtue of a contractual relationship."). The Schayes have not alleged that BACHLS, who is merely the loan servicer, was even a party to the contractual documents underlying the Loan. They cannot, therefore, allege that BACHLS breached any contractual covenant, let alone Good Faith.

### G. The Schayes Fail To State A TILA Claim.

The Complaint includes a heading alleging "violation" of the Truth in Lending Act (15 U.S.C. §§ 1601 et seq.) ("TILA"), but provides nothing in support. [Compl. at 24] The Complaint in no way identifies how BACHLS, who did not originate the Loan, allegedly violated any TILA provisions. In any event, the statute of limitations bars any intended TILA allegations. Section 1640(e) provides that TILA actions must be brought "within one year from the date of the occurrence of the violation." The date of violation refers to the date "the loan documents were signed." Meyer v. Ameriquest Mortg. Co.,

1  342 F.3d 899, 902 (9th Cir. 2003) (affirming district court's dismissal of plaintiffs' TILA
2  damages claim as time-barred).  The Schayes executed the Deed of Trust and other
3  relevant loan documents in February 2007, rendering any intended TILA claim time-
4  barred.

### H. The Schayes Fail To State A Claim For Intentional Infliction Of Emotional Distress.

The Schayes contend that conduct by unspecified "Defendants" caused them to "suffer severe emotional stress" and "economic and non economic harm and detriment." [Compl. at 24-25]  The Schayes must prove three elements to succeed in a claim for IIED. Citizen Publishing Co. v. Miller, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (en banc).  The defendant's conduct (i) must be "extreme and outrageous," (ii) must "either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct," and (iii) must result in "severe emotional distress." Id. (internal quotations and citations omitted).

The Schayes simply recite the IIED elements, baldly assert a favorable legal conclusion for each element, and offer no factual support.  [Compl. at 23-24]  The Schayes' failure to plead any facts showing that BACHLS intentionally, or with reckless disregard, caused them emotional distress, or any facts regarding the severity of such distress, renders their IIED allegations baseless.  Their claim for intentional infliction of emotional distress ("IIED") must fail.

### I. The Schayes Fail To State A Claim For Conspiracy.

The Schayes allege that unspecified "Defendants, by and through Defendants' Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud Petitioner." [Compl. at 9]  There is no independent tort of conspiracy in Arizona. Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc., 197 Ariz. 535, 545, 5 P.3d 249, 259 (Ct. App. 2000) ("A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit.").  The putative conspiracy claim must

fail because, for the reasons already set forth, the Schayes have not adequately alleged fraud or any other underlying unlawful conduct.

A conspiracy must also be plead with particularly. "[A] plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement. It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." S. Union Co. v. Sw. Gas Corp., 165 F. Supp. 2nd 1010, 1020–21 (D. Ariz. 2001); see also DM Research Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) (cited with approval in Twombly, 550 U.S. at 557) ("But terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement—but a court is not required to accept such terms as a sufficient basis for a complaint. The case law on this point is ample."). The Schayes have made no "factually specific allegations" that BACHLS conspired to wrong them. Accordingly, they fail to state a claim for conspiracy.

**J.    The Schayes Fail To State A RESPA Claim.**

The Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601 et seq.) ("RESPA") "requires mortgage lenders to disclose the costs associated with real estate closing, prohibits fee-splitting in connection with settlement services except for services actually performed, and prohibits giving or accepting anything of value in exchange for referrals except in certain circumstances." Diessner v. MERS, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) (internal quotes and citations omitted).

The Schayes allege that "Lender charged fees to Petitioner" in excess of RESPA's limits, failed to provide certain documentation, and committed various other "apparent RESPA violations." [Compl. at 12, 14] They do not identify the specific RESPA

provisions which BACHLS allegedly violated, nor do they provide anything more than conclusory statements. Such conclusory statements fall far short of their obligation to provide a factual basis to support a RESPA claim.

Regardless, any intended RESPA claim fails because it is time-barred under either a 1-year or 3-year statute of limitations. See Diessner, 618 F. Supp. at 1189. The Schayes obtained the Loan on or around February 26, 2007 and did not file the Complaint until September 3, 2010, after the expiration of both statutes of limitation.

### K.  The Schayes Have No Cause Of Action Under 15 U.S.C. § 45.

The Schayes also contend that unspecified "Defendants . . . have engaged in a variety of unfair and unlawful business practices prohibited by 15 USC [sic] Section 45 et seq." [Compl. at 15] The Schayes fail to identify any specific Defendant or provide any facts whatsoever as to which specific acts were unfair or unlawful pursuant to this statute. Regardless, 15 U.S.C. § 45 empowers the Federal Trade Commission, not individual plaintiffs, to prevent unfair competition and "unfair or deceptive acts or practices in or affecting commerce" by bringing a civil lawsuit. 15 U.S.C. §§ 45(a)(2), 45(m)(1)(A), 57b(a). The Schayes, therefore, have no cause of action under 15 U.S.C. § 45.

### L.  The Schayes Fail To State A Claim For Unjust Enrichment.

The Schayes allege that unspecified "Defendants" were unjustly enriched through various fees and payments "at Petitioner's expense." [Compl. at 19] To recover on an unjust enrichment claim under Arizona law, "a claimant must show (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." Mousa v. Saba, 222 Ariz. 581, 588, 218 P.3d 1038, 1045 (Ct. App. 2009) (citations omitted). Importantly, "if there is 'a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" Trustmark Ins. Co. v. Bank One, 202 Ariz. 535, 542, 48 P.3d 485, 492 (Ct. App. 2002) (quoting Brooks v. Valley Nat'l Bank, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976)).

The Schayes cannot maintain a claim for unjust enrichment. As reflected in the Deed of Trust, they have a written contract for the Loan. [See Ex. A at 2] Although the Schayes chose not to bring a breach of contract action against their original lender, they cannot "seek[ ] to avoid possible contractual limitations on [their] recovery by resorting to an unjust enrichment cause of action." Trustmark Ins. Co., 202 Ariz. at 543, 48 P.3d at 493. Thus, the Schayes have a legal remedy, and cannot assert unjust enrichment. Moreover, the Schayes received the benefit of the Loan in the form of hundreds of thousands of dollars in loan proceeds. "A person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return." Brooks, 113 Ariz. at 174, 548 P.2d at 1171 (citing Restatement of Restitution § 107 cmt. 1(a)).

**M.   The Schayes' Quiet Title Claim Cannot Succeed.**

The Schayes' purported quiet title claim is based on their insufficiently pled fraud allegations and their meritless "show me the note" theory. [See Compl. at 20] As discussed at pages 5-6 and 7-8 above, these allegations fail to state any claim for relief. Regardless, the Schayes cannot allege a claim for quiet title because they are in default on the Loan. "[I]n an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). It would be inequitable to permit the Schayes to obtain the Loan, enter into the Deed of Trust to secure the Loan, get the full use and enjoyment of the loaned funds, then refuse to repay the Loan and simultaneously deprive Recontrust of the right, as successor trustee, to foreclose on the Property under the Deed of Trust. The Schayes should not, therefore, be permitted to quiet title to the Property.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**Relief Requested**

For the foregoing reasons, BACHLS respectfully requests that the Court enter an Order dismissing the Complaint with prejudice.

DATED this 4th day of October, 2010.

                                              BRYAN CAVE LLP

                                    By  s/Coree E. Neumeyer
                                       Sean K. McElenney
                                       Coree E. Neumeyer
                                       Two North Central Avenue, Suite 2200
                                       Phoenix, AZ  85004-4406

                                       Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Daniel L. & Wendy L. Schayes
7035 E. Berneil Dr.
Paradise Valley, AZ 85253
Plaintiffs Pro Per

Daniel L. & Wendy L. Schayes
8586 E. Krail Street
Scottsdale, AZ 85250
Plaintiffs Pro Per

_s/Lisa Remus_____