**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L. Schayes and Wendy L. Schayes, ) | No. CV-10-1893-PHX-GMS |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| BAC Home Loans Servicing, LP ) | |
| Defendant. ) | |

On September 3, 2010, Plaintiffs filed an Original Petition (Doc. 1), a Petition for Restraining Order, and a Petition For Temporary Injunction (Docs. 3-4). In the motions, Plaintiffs request that this Court temporarily enjoin a trustee's sale of property located at 7035 E. Berneil Dr. Paradise Valley, AZ 85253. The trustee's sale was originally scheduled for September 9, 2010 and then apparently postponed.

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained

1  that "these two alternatives represent 'extremes of a single continuum,' rather than two
2  separate tests. Thus, the greater the relative hardship to the moving party, the less probability
3  of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of*
4  *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

5  In Plaintiffs' petition, they allege that Defendant violated various provisions of federal
6  law, including : (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Real
7  Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and (3) the
8  Deceptive Practices Act ("DPA"), 15 U.S.C. § 45 *et seq.*  Plaintiffs also assert claims of
9  unjust enrichment, breach of fiduciary duty, negligence, negligence per se, fraud, intentional
10 infliction of emotional distress, and the breach of covenant of good faith and fair dealing.
11 Outside of the verified Petition for Temporary Injunction, which principally contains
12 allegations only,  Plaintiffs failed to present  any affidavits or other admissible evidence
13 supporting that they are likely to prevail on the merits of their claims.  After review of the
14 materials presented in this matter, the Court finds that Plaintiffs have failed to demonstrate
15 a likelihood of success on the merits sufficient to grant injunctive relief.  Moreover, Plaintiffs
16 have failed to demonstrate that a trustee's sale is actually scheduled sufficient to demonstrate
17 the possibility of irreparable injury.

18 Because Plaintiffs have failed to demonstrate that injunctive relief  is proper:

19 **IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Temporary Restraining
20 Order (Doc. 3) and Motion for Preliminary Injunction (Doc. 4) are **DENIED WITHOUT**
21 **PREJUDICE**.

22 DATED this 6th day of October, 2010.

_____
G. Murray Snow
United States District Judge