**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L. and Wendy L. Schayes, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC Home Loans Servicing, LP, <br><br> Defendant. <br>_____<br> Daniel and Wendy Schayes, <br><br> Plaintiffs, <br><br> vs. <br><br> ReconTrust Company; BAC Home Loans Servicing, LP; Countrywide Home Loans, Inc.; Fidelity National Title Insurance Company; MERS and Does 1-100, <br><br> Defendants. | No. CV-10-1893-PHX-GMS <br> No. CV-11-1074-PHX-GMS <br><br> (Consolidated) <br><br> **ORDER** |

Pending before this Court filed under Case No. CV-10-1893-PHX-GMS are (1) Defendants' Motion to Dismiss Case by BAC Home Loans Servicing LP, Doc. 11, Plaintiff's Motion (Replevin in Detinet) to Sequester the Genuine Original Adjustable Rate Note Until Final Adjudication of this Matter, Doc. 12, and (3) Plaintiff's Notice of Voluntary Dismissal, Doc. 22, that is contested by Defendant, Doc. 23. For the reasons stated in this Order, Defendant's Motion to Dismiss Case is granted in part and denied in part, and (2) Plaintiff's

Motion to Sequester the Genuine Original Adjustable Rate Note is denied as moot.

Defendant BAC Home loan Servicing, LP (BAC) is the current servicer of a loan taken out by Plaintiffs to acquire property located at 7035 E. Berneil Drive in Paradise Valley. The loan was secured by a deed of trust. The successor trustee on the deed of trust has noticed a trustee's sale on the property. The Plaintiffs filed their original complaint in this matter together with motions for a Temporary Restraining Order, Docs. 3 and 4 to halt that sale. These motions were denied. Doc 13.

BAC which is the only defendant in the matter, moved to have the matter dismissed. Doc. 10. While originally opposing that motion, see Doc 16, Plaintiffs hired an attorney who attempted to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). The notice was stricken, however, because the attorney had not yet entered his appearance with the Court. During the two-day interim that it took the attorney to enter his appearance, Defendant filed an answer to the complaint apparently so that Plaintiffs could not voluntarily dismiss their complaint pursuant to Fed. R. Civ. P. 41(a) . When Plaintiffs subsequently renewed their notice of voluntary dismissal, Defendant objected unless such a dismissal was with prejudice.

In such circumstances the Court may dismiss the complaint on terms that "the Court considers proper." Fed. R. Civ. P. 41(a)(2). The Court is disinclined to wholly foreclose Plaintiffs from bringing any legitimate claims that they may have against Defendant, by crediting Defendant's attempt to file an answer just so that Defendant could not dismiss his complaint without prejudice. On the other hand, Plaintiffs' complaint, in its current iteration is wholly meritless, and Defendant should not be subjected to the expense of repeatedly responding to such meritless claims.

The Defendant that Plaintiffs name is the servicer of the loan. Defendant is not the lender or originator of the loan. In their Complaint Plaintiffs make a number of allegations about the lender and about Defendants (plural) acting in concert with others to induce Plaintiffs to enter into a predatory loan agreement with the Defendant. Plaintiffs allege that Defendants did so by committing numerous acts of fraud against the Plaintiffs, charging false

fees at loan settlement, and breaching their fiduciary duty. They also seem to allege that Defendants cannot foreclose on the property absent the original promissory note, because "lender" is not a real party in interest it has no standing to conduct a non-judicial foreclosure, and the deed of trust is invalid. They further apparently allege claims for quiet title, unjust enrichment, intentional infliction of emotional distress, breach of fiduciary duty, negligence, breach of covenant of good faith and fair dealing, and breaches of statutory obligations

Nevertheless, as Defendant correctly states in its motion, it is the servicer of the note, not the original lender. There are no sufficient facts plead to make any of Plaintiffs' claims against Defendant plausible. Many, if not all, of the allegations seem to be focused on possible Defendants that were never named. For example, it is not apparent from the Complaint how the Defendant, the servicer of the loan, could have committed RESPA or TILA violations arising from the loan's origination. Nor to the extent that Plaintiffs have attempted to assert causes of action in fraud, conspiracy, quiet title, or unjust enrichment have they alleged sufficient facts to make such claims plausible. The Complaint is drafted in such a way as to deprive Defendant of the knowledge of what claims and factual allegations the Complaint asserts against it. Thus, the Court believes, the Defendant would be unable to draft a meaningful answer to Plaintiffs' existing Complaint.

To the extent that Plaintiffs seek to assert claims of fraud against Defendant they must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). There are nine elements required to plead common law fraud in Arizona. *Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). Each fraud claim must be plead with particularity as to each Defendant against which Plaintiff raises such claims. A Plaintiff must "state the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place and nature of the alleged fraudulent activities.").

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Plaintiffs have not adequately plead sufficient facts to make any of their claims plausible.

The same holds true for Plaintiffs' assertion that Defendant is incapable of foreclosing absent actual possession of the note, *Diessner v. MERS,* 618 F. Supp. 2d 1184, 1187-8 (D. Ariz. 2009), the deed of trust is invalid, or that BAC does not have standing to conduct a non-judicial foreclosure. *Id*. The Court, as noted, has repeatedly held that such claims are legally insufficient.

As a result Plaintiffs' complaint is dismissed with leave to seek to amend.

Should Plaintiffs seek to bring a new amended complaint, however, they shall file a motion for leave to file an amended complaint no later than August 15, 2011. The motion shall attach the proposed amended complaint and shall otherwise follow the requirements of Arizona Local Rules of Civil Procedure 15.1.

Plaintiffs are advised that the Court will not authorize the filing of an amended complaint that is similar to the original Complaint. Unlike the original Complaint, the proposed amended complaint should not contain legal argument, historical assertions, or discovery requests. Pursuant to Fed. R. Civ. P. 8(a) (2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple concise and direct." Fed. R. Civ. P. 8(d)(1). And, a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's current complaint fails in these

1  requirements.

2　　Thus, any amended complaint filed by Plaintiffs should separately identify in a single
3  heading with numbered paragraphs each legal claim that the Plaintiffs bring against the
4  Defendant. Plaintiffs should then set forth in plain, direct, clear and simple statements each
5  fact that Plaintiffs allege demonstrate that Plaintiffs have a right to recover on the specified
6  claim. Each separate factual allegation should be set forth in a separately and consecutively
7  numbered paragraph. Examples of different types of complaints demonstrating the proper
8  form can be found in the appendix of forms that is contained with the Federal Rules of Civil
9  Procedure (forms 11-21).

10　　Any claim set forth in any amended complaint shall not set forth claims that this Court
11  has already rejected as insufficient as a matter of law.

12　　**IT IS THEREFORE ORDERED:**

13　　1.　　Defendants' Motion to Dismiss, Doc. 11, is granted with leave for Plaintiff to
14  seek leave of court to amend their complaint. If no such motion is filed by **August 15, 2011**,
15  the Clerk is directed to terminate Case No. CV-10-1893-PHX-GMS.

16　　2. Plaintiffs' Motion to Sequester, Doc. 12, is denied as moot.

17　　DATED this 15th day of July, 2011

18  .

19　　_____
　　　　　　G. Murray Snow
20　　　　　United States District Judge